UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MELVIN ABDULLAH EL-AMIN,        :

      Plaintiff        :        CIVIL ACTION NO. 3:19-1335

  v.                        :        JUDGE MANNION

DETECTIVE DARRYL BROWN,        :
Susquehanna Township
Police Department, <u>et</u> <u>al.</u>,        :

      Defendants        :

<u>O R D E R</u>

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the plaintiff's motion to remand (Doc. 12) and motion to stay (Doc. 16) be denied and defendant Clark's motion to dismiss (Doc. 3) be granted. (Doc. 17). The plaintiff has filed objections to Judge Carlson's report (Doc. 20), to which defendant Clark has responded (Doc. 26). Based upon a review of the record, the plaintiff's objections will be overruled and Judge Carlson's report and recommendation will be adopted in its entirety.

By way of relevant background, the plaintiff filed the instant action in the Court of Common Pleas of Dauphin County. In his complaint, the plaintiff alleges that the defendants, Detective Darryl Brown, Chief of Police Thomas Carter and Warden of Dauphin County Prison Brian Clark, are participants in

a racketeering scheme in which prison officials and police officers confiscate inmate property and sell the property for profit. As part of this scheme, the plaintiff alleges that the defendants confiscated his cell phone and dentures. On July 31, 2019, defendant Clark removed the action to this court (Doc. 1). On August 7, 2019, defendant Clark moved to have the plaintiff's complaint dismissed (Doc. 3). After requesting (Doc. 10) and being granted (Doc. 11) an extension of time to do so, on September 20, 2019, the plaintiff filed a combined motion for remand and brief in opposition to defendant Clark's motion to dismiss. (Doc. 13). In response to an order granting defendant Clark an extension of time to respond to the plaintiff's motion to remand (Doc. 15), the plaintiff filed a motion to vacate the order or, in the alternative, stay the action. (Doc. 16).

By report dated October 22, 2019, Judge Carlson considered the arguments raised in defendant Clark's motion to dismiss and determined that the plaintiff had failed to exhaust his administrative remedies under 42 U.S.C. §1997 prior to bringing the instant action and, otherwise, his complaint failed to state a federal claim upon which relief can be granted. With the disposition of the plaintiff's federal claims, Judge Carlson determined that any pendent state law claims should be dismissed without prejudice to allow

the plaintiff to re-file them in state court. As to the plaintiff's motion for remand in which he argued that his RICO claim is based solely on state racketeering laws and therefore the court lacked jurisdiction over his action, Judge Carlson determined that the plaintiff had clearly asserted Fourth and Fourteenth Amendment claims which provided a sufficient basis for removal of the action to federal court. Judge Carlson therefore recommends that the plaintiff's motion to remand be denied; the plaintiff's motion to stay be denied; and defendant Clark's motion to dismiss be granted. (Doc. 17). After having been granted an extension of time to do so (Doc. 19), on November 7, 2019, the plaintiff filed objections to Judge Carlson's report (Doc. 20). Again, after having been granted an extension of time to do so (Doc. 22), the defendant filed a response to the plaintiff's objections (Doc. 26).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa.

2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his objections, the plaintiff challenges the removal of this action by defendant Clark on procedural grounds and the failure of Judge Carlson to grant his motion to remand. Plaintiff's challenge to removal is procedural rather than jurisdictional in that he claims lack of unanimous consent to removal.[1] See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)

---

[1]This argument was raised by the plaintiff in his motion to remand but not specifically addressed by Judge Carlson in his report.

4

("failure of all defendants to join is a 'defect in removal procedure' within the meaning of §1447(c), but is not deemed jurisdictional"). Pursuant to Third Circuit precedent, "[a] district court does not have the statutory authority to remand a case because of a procedural defect, such as a defendant's violation of the unanimity rule, after section 1447(c)'s thirty-day limit expires." See Ramos v. Quien, 631 F.Supp.2d 601, 608 (E.D.Pa. 2008) (citing Air-Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3d Cir. 1989)). Defendant Clark removed the instant action on July 31, 2019. Pursuant to the provisions of §1447(c), the plaintiff would have had until August 30, 2019 to file his motion to remand. The plaintiff's combined motion to remand and brief in opposition to defendant Clark's motion to dismiss were filed on September 20, 2019. Although Judge Carlson had granted the plaintiff an extension of time to file a combined response to the notice of removal and motion to dismiss his complaint, the court has no discretion to bypass the statutory provisions of §1447(c). See Air-Shields, Inc., supra ("by remanding the case for procedural defects after the thirty day limit imposed by the revised section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'") (citation omitted). Thus, the plaintiff's objections challenging the removal of this action and Judge Carlson's failure to grant his motion for remand will be

5

overruled.

The plaintiff next challenges Judge Carlson's report to the extent that Judge Carlson determined that he was required to exhaust his administrative remedies pursuant to 42 U.S.C. §1997 prior to filing the instant action. The court has reviewed Judge Carlson's report in this regard and finds that there is no clear error of record. Moreover, even if the plaintiff were not required to exhaust his administrative remedies pursuant to §1997, Judge Carlson determined that the plaintiff's federal claims should be dismissed on their merits and the pendent state law claims should be dismissed without prejudice. The plaintiff does not challenge Judge Carlson's report in this regard.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The plaintiff's objections to Judge Carlson's report (**Doc. 20)** are **OVERRULED**.

(2) Judge Carlson's report and recommendation (**Doc. 17**) is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

(3) The plaintiff's motion to remand **(Doc. 12)** and motion to

stay **(Doc. 16)** are **DENIED**.

**(4)** Defendant Clark's motion to dismiss **(Doc. 3)** is **GRANTED**.

**(5)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**Date: April 16, 2020**

19-1335-03.wpd